# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOY LUCRETIA CLARK,
Plaintiff,

v.

DAVITA INC.; PRUDENTIAL INSURANCE COMPANY OF AMERICA; and ALIGHT SOLUTIONS LLC,
Defendants.

## COMPLAINT FOR VIOLATIONS OF ERISA, BREACH OF FIDUCIARY DUTY, FAILURE TO DISCLOSE PLAN DOCUMENTS, INTERFERENCE WITH PROTECTED RIGHTS, AND EQUITABLE RELIEF

Plaintiff Joy Lucretia Clark ("Plaintiff"), proceeding *pro se*, brings this civil action against Defendants DaVita Inc. ("DaVita"), Prudential Insurance Company of America ("Prudential"), and Alight Solutions LLC ("Alight") (collectively, "Defendants"), and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and presents a federal question under 28 U.S.C. § 1331.
2. This Court has jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), which grants exclusive federal jurisdiction over ERISA claims.
3. Venue is proper in the Eastern District of Pennsylvania pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District and a substantial part of the events and omissions giving rise to the

claims—including benefit denials, interference with benefit enrollment, and resulting financial harm—were experienced by Plaintiff in this District.

# II. PARTIES

4. Plaintiff Joy Lucretia Clark is a resident of Philadelphia, Pennsylvania. She was employed by DaVita and is a participant and beneficiary in one or more employee benefit plans governed by ERISA.
5. Defendant DaVita Inc. is a Delaware corporation with its principal place of business at 2000–2001 16th Street, Denver, Colorado. DaVita is the plan sponsor and/or fiduciary of the ERISA-governed benefit plans at issue.
6. Defendant Prudential Insurance Company of America is an insurance company and ERISA fiduciary responsible for administering certain disability and welfare benefit components of DaVita's plans.
7. Defendant Alight Solutions LLC serves as plan administrator and recordkeeper for DaVita's employee benefit plans and exercises discretionary authority over plan records, participant access, and benefit communications.

# III. FACTUAL BACKGROUND

## A. Employment, Medical Leave, and ADA Accommodation

8. Plaintiff was employed by DaVita and commenced a medical leave of absence on or about November 1, 2024, due to serious medical conditions.
9. Plaintiff exhausted Family and Medical Leave Act ("FMLA") leave in January 2025 and thereafter sought continuation of leave as a reasonable accommodation under the Americans with Disabilities Act ("ADA").
10. On May 20, 2025, DaVita, through its leave administrator, confirmed in writing that Plaintiff's medical leave was approved as an ADA accommodation through December 31, 2025, and that Plaintiff would remain employed during that period even if her position was filled.

## B. Loss of Portal Access and Missed Benefit Enrollment

11. While on approved medical and ADA leave, Plaintiff lost access to her employee and benefits portals, including the Prudential benefits portal used for enrollment, review of elections, and application for wage-replacement benefits.

12. Defendants did not provide Plaintiff with any reasonable alternative method to access plan information, review benefit options, or participate in open enrollment during her leave.
13. As a result of Defendants' control over portal access and communications, Plaintiff missed open enrollment periods, including enrollment opportunities relevant to long-term disability ("LTD") and other benefits.
14. Defendants later asserted that Plaintiff lacked LTD coverage because she did not enroll during open enrollment, despite Defendants' knowledge that Plaintiff lacked portal access and had repeatedly raised that issue in writing.

## C. Conflicting and Incomplete Benefit Information

15. Plaintiff received inconsistent information from Defendants' representatives regarding whether benefits terminate, suspend, or continue during medical or ADA leave.
16. Plaintiff repeatedly requested written clarification of the governing plan terms, Summary Plan Descriptions ("SPDs"), and policies supporting Defendants' statements regarding benefit termination, enrollment, and continuation.
17. Defendants failed to provide complete and accurate plan documents explaining how benefit rights are affected during approved medical or ADA leave.

## D. Workers' Compensation and Record Integrity Concerns

18. Plaintiff raised concerns regarding whether a Workers' Compensation claim had been opened, referenced, or administratively closed, and whether such coding affected disability benefits or offsets.
19. Defendants acknowledged internal review of these issues but failed to provide authenticated records, determinations, or explanations resolving Plaintiff's concerns.
20. These failures further impaired Plaintiff's ability to understand, access, and protect her benefit rights.

# IV. CLAIMS FOR RELIEF

## COUNT I – Failure to Disclose Plan Documents

**(29 U.S.C. §§ 1021–1025; 29 U.S.C. § 1024(b)(4); 29 C.F.R. §§ 2520.102-2, 2520.104b-1; ERISA § 104)**

21. ERISA requires plan administrators to furnish participants, upon written request, copies of the Summary Plan Description ("SPD"), plan documents, trust agreements, amendments, insurance policies, and instruments under which the plan is operated. 29 U.S.C. §§ 1021, 1024(b)(4); 29 C.F.R. § 2520.104b-1.

22. Plaintiff made repeated written requests for SPDs, amendments, disability policies, enrollment rules, continuation-of-coverage provisions, and documents governing benefit access during leave.
23. Defendants failed to timely furnish complete and accurate documents within the statutory 30-day period, constituting a violation of ERISA § 104(b)(4).
24. Defendants' non-disclosure deprived Plaintiff of meaningful access to plan information and impeded her ability to protect and exercise benefit rights. See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989).

## COUNT II – Statutory Penalties for Failure to Disclose

**(29 U.S.C. § 1132(c)(1); ERISA § 502(c))**

25. A plan administrator who fails or refuses to comply with a participant's request for information may be personally liable for statutory penalties of up to $110 per day. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.
26. Defendants' prolonged failure to provide requested plan documents was not justified and warrants imposition of statutory penalties to deter future violations.

## COUNT III – Breach of Fiduciary Duty

**(29 U.S.C. §§ 1104(a)(1)(A)–(D), 1109(a); ERISA §§ 404, 409)**

27. Defendants were fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21)(A), because they exercised discretionary authority over plan administration, participant communications, and benefit access.
28. ERISA fiduciaries must act solely in the interest of participants, with the care, skill, prudence, and diligence of a prudent person, and in accordance with plan documents. 29 U.S.C. § 1104(a)(1).
29. Defendants breached these duties by restricting Plaintiff's portal access, providing inconsistent and misleading benefit information, failing to maintain accurate administrative records, and failing to act to protect Plaintiff's benefit interests.
30. Fiduciaries who breach their duties are personally liable to make good all losses and to provide equitable relief. 29 U.S.C. § 1109(a); *Varity Corp. v. Howe*, 516 U.S. 489, 506 (1996).

## COUNT IV – Interference With Protected Rights

**(29 U.S.C. § 1140; ERISA § 510)**

31. ERISA § 510 makes it unlawful to discharge, discipline, or discriminate against a participant for the purpose of interfering with the attainment of any right under an employee benefit plan. 29 U.S.C. § 1140.
32. Defendants' control over Plaintiff's access to enrollment portals and communications during approved medical and ADA leave had the purpose and effect of preventing Plaintiff from attaining disability and welfare benefits.
33. Such conduct constitutes unlawful interference. See *Gavalik v. Continental Can Co.*, 812 F.2d 834, 851 (3d Cir. 1987).

## COUNT V – Failure to Provide a Full and Fair Review

### (29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1)

34. ERISA requires plans to provide participants with adequate notice of benefit determinations and a reasonable opportunity for a full and fair review. 29 U.S.C. § 1133.
35. Defendants failed to provide clear notice, governing plan authority, or an adequate review process regarding benefit denial, enrollment loss, and alleged termination during leave.

## COUNT VI – Equitable Relief and Surcharge

### (29 U.S.C. § 1132(a)(3); ERISA § 502(a)(3))

36. Plaintiff seeks appropriate equitable relief to redress violations of ERISA and to enforce plan terms, including injunction, reformation, accounting, restitution, surcharge, and corrective enrollment. 29 U.S.C. § 1132(a)(3).
37. Equitable surcharge is available to remedy losses caused by fiduciary breach. *CIGNA Corp. v. Amara*, 563 U.S. 421, 442–44 (2011).

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants violated ERISA disclosure, fiduciary, and anti-interference provisions;

B. Order Defendants to produce all requested plan documents and administrative records;

C. Grant equitable relief including corrective enrollment, restitution, accounting, and an award of equitable surcharge against Defendants, together with prejudgment interest from the inception of each ERISA violation or fiduciary breach through the date of judgment, and post-judgment interest as permitted by law;

D. Enjoin Defendants from further interference with Plaintiff's benefit rights;

E. Award statutory penalties where applicable;

F. Award costs and such other relief as the Court deems just and proper;

G. Order equitable reformation of Defendants' plan administration practices to ensure compliance with ERISA's disclosure, fiduciary, and anti-interference requirements, including reforms necessary to provide participants on approved medical or ADA leave meaningful access to plan documents, benefit elections, and enrollment processes;

H. Equitably estop Defendants from denying benefits, coverage, or enrollment opportunities based on deadlines or conditions where Defendants' own acts, omissions, misrepresentations, or access restrictions prevented Plaintiff's timely enrollment or exercise of benefit rights;

I. Order Defendants to produce the complete and unredacted administrative record, including but not limited to internal communications, enrollment and portal-access logs, benefit determinations, vendor agreements, and fiduciary decision materials relating to Plaintiff's benefits;

J. Grant make-whole equitable relief necessary to place Plaintiff in the position she would have occupied absent Defendants' ERISA violations, including prospective injunctive relief to prevent future interference with Plaintiff's benefit rights and ensure ongoing compliance with ERISA.

## VI. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

*Joy Lucretia Clark*  UCC1-308
Joy Lucretia Clark
Plaintiff, Pro Se
4640 E. Roosevelt Blvd., Apt. 3
Philadelphia, PA 19124
(215) 203-2482
joyc9160@gmail.com