**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOY LUCRETIA CLARK,** | : | |
|    **Plaintiff,** | : | |
| | : | |
|    **v.** | : | **CIVIL ACTION NO. 26-23** |
| | : | |
| **DAVITA INC.,** *et al.*, | : | |
|    **Defendants.** | : | |

**MEMORANDUM**

**MARSTON, J.**                                                                                                        **June 15, 2026**

Plaintiff Joy Lucretia Clark initiated this civil action by filing a *pro se* Complaint (Doc.

No. 2 ("Compl.")) against Defendants DaVita Inc. ("DaVita"), Prudential Insurance Company of

America ("Prudential"), and Alight Solutions LLC ("Alight").  She seeks leave to proceed *in*

*forma pauperis*.[1]  (Doc. Nos. 7, 8.)  For the following reasons, the Court will grant Clark leave to

proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii).

**I.       FACTUAL ALLEGATIONS**[2]

According to Clark, she was employed by Defendant DaVita, and she participated in its

ERISA-governed employee benefits plan.  (Compl. at 2.)  On or about November 1, 2024, Clark

took a leave of absence due to "serious medical conditions."  (*Id.*)  In January 2025, Clark

exhausted available leave pursuant to the Family Medical Leave Act ("FMLA") and sought

continued leave as an accommodation under the Americans with Disabilities Act ("ADA").  (*Id.*)

---

[1] The Court denied Clark's initial motion for leave to proceed *in forma pauperis* because Clark did not provide sufficient financial information.  (Doc. No. 6.)  Clark submitted a new motion and additional information.  (Doc. Nos. 7, 8.)

[2] The factual allegations are taken from Clark's Complaint.  (Doc. No. 2.)  The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

On May 20, 2025, DaVita's leave administrator, identified by Clark as Alight, confirmed in writing that Clark's medical leave had been approved as an ADA accommodation through December 31, 2025.  (*Id.*)  Clark was allegedly informed that she would remain employed during that period even if her position was filled.  (*Id.*)

Clark states that "while on approved medical and ADA leave" she lost access to the employee and benefits online portal, including the benefits portal provided by Defendant Prudential used for enrollment in benefits and to apply for wage-replacement benefits.  (*Id.*)  She claims that Defendants did not provide "any reasonable alternative method to access plan information, review benefit options, or participate in open enrollment during her leave."  (*Id.* at 3.)  She accordingly missed the open enrollment periods, including ones relevant to long-term disability coverage.  (*Id.*)  Defendants later told her that she lacked long-term disability coverage because she did not enroll during open enrollment, even though Defendants allegedly were aware that Clark lacked portal access and Clark "repeatedly raised that issue in writing."  (*Id.*)

Defendants' representatives also allegedly provided inconsistent information to Clark about whether her benefits would terminate, be suspended, or continue while she was on medical or ADA leave.  (*Id.*)  She "repeatedly requested written clarification of the governing plan terms, Summary Plan Descriptions ('SPDs'), and policies," but Defendants did not provide complete and accurate plan documents.  (*Id.*)  Clark also "raised concerns" about whether a Workers Compensation claim had been opened, referenced, or administratively closed and whether it affected or offset disability benefits.  (*Id.*)  She asserts that, while Defendants acknowledged that they reviewed the issue, they did not provide authenticated records, determinations, or explanations resolving Clark's concerns.  (*Id.*)

On January 5, 2026, Clark initiated this civil action raising claims that Defendants violated various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA").  (*Id*. at 3–5.)  She seeks injunctive, declaratory, and money damages.[3]

## II.    STANDARD OF REVIEW

Because it appears that Clark is incapable of paying the fees to commence this civil action, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this point, the Court accepts all plausible facts alleged in Clark's Complaint as true, draws all reasonable inferences in her favor, and asks only whether the Complaint contains facts sufficient to state a plausible claim.  *See*

---

[3] Clark seeks a declaratory judgment that her rights under ERISA were violated.  (Compl. at 5.) Her request for declaratory relief is improper because declaratory relief is unavailable to adjudicate past conduct.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").  A declaratory judgment is also not "meant simply to proclaim that one party is liable to another."  *Corliss*, 200 F. App'x at 84; *see also Taggart v. Saltz*, No. 20cv3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").  Accordingly, to the extent that Clark seeks a declaration that Defendants violated ERISA provisions in the past, her request for that relief will be dismissed.

Further, Clark raises a separate cause of action for "Equitable Relief and Surcharge" (Count VI), but because this count essentially duplicates the equitable and injunctive relief she seeks elsewhere in her Complaint, it will be dismissed with prejudice.  (*See* Compl. at 5–6.)

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Clark is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* (quoting *Mala*, 704 F.3d at 244).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Id.* (internal quotation omitted).

## III.    DISCUSSION

Clark asserts that she participated in a benefits plan through her employment with DaVita.  Clark provides no information whatsoever about the benefits plan, its term provisions or requirements, or her enrollment.  No information is provided about the benefits she was purportedly entitled to during her medical leave or even those she participated in before she purportedly took leave in November 2024.  In any event, Clark attempts to raise six separate ERISA-based claims for relief related to her benefits plan at DaVita, including allegations that Defendants failed to disclose requested documents, that they breached a fiduciary duty, and that they interfered with her right to access the benefits portal.  (Compl. at 3–5.)  "ERISA governs the rights and obligations of participants and beneficiaries of employee pension benefit plans."  *See Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13cv552, 2015 WL 3938925, at *4 (D.N.J. June 25, 2015) (citing 29 U.S.C. § 1321(a)), *aff'd*, 650 F. App'x 106 (3d Cir. 2016).  A participant or beneficiary of the benefit plan may "bring a civil action 'to recover benefits due to him under the

terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" *Id*. (quoting 29 U.S.C. § 1132(a)(1)(B)).  However, a litigant must exhaust administrative remedies before seeking relief in federal court for the denial of benefits.  *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 252 (3d Cir. 2002) (citing cases); *see also Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir 1990) ("Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan.").  Exhaustion is not required where a violation of a substantive statutory provisions is alleged.  *Id.*  Thus, a participant or beneficiary of an ERISA plan may bring a civil action alleging liability pursuant to ERISA § 502(c)(1)(B) for an administrator's violation of disclosure requirements, without first exhausting available remedies. *Piscopo*, 2015 WL 3938925, at *4 (citing ERISA § 502(c)(1)(B); *In re Wargotz v. NetJets, Inc.,* No. 09cv4789, 2010 WL 1931247, at *5 (D.N.J. May 13, 2010)).  But "[p]laintiffs cannot circumvent the exhaustion requirement by artfully pleading benefit claims as breach of fiduciary duty claims."  *Harrow*, 279 F.3d at 253.

The Court finds that Clark has failed to state a claim on any of her Counts at this time and will dismiss some claims with prejudice and some without prejudice.  The Court will first discuss the insufficiency of Clark's claims related to disclosure of ERISA plan documents (Counts I, II), then will address Clark's claims regarding benefits and portal access (Counts III, IV), and finally, will analyze the claim regarding failure to provide a full and fair review (Count V). Further, the Court will address whether Clark should be enjoined from filing future cases in this District *pro se* and while using the privilege of *in forma pauperis* status.

### A.  Claims Related to Disclosure of Plan Documents (Counts I, II)

Clark first contends that the Defendants did not comply with a statutory requirement that certain documents requested by a plan participant be provided within thirty days, and that Defendants are subject to statutory penalties pursuant to ERISA § 502(c)(1)(B) for their noncompliance.  Under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), plan administrators are required to furnish a copy of the SPD "and other instruments under which the plan was established 'upon written request of any participant or beneficiary.'"  *Kollman v. Hewitt Assoc.*, 187 F.3d 139, 144 (3d Cir. 2007) (quoting ERISA § 104(b)).  A plaintiff alleges a violation of the disclosure statute by alleging that she is a plan participant or beneficiary, that she made a written request to the plan administrator, and that the plan administrator failed to respond within thirty days.  *Id.*; *see also Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*, No. 16cv1649, 2017 WL 751851, at *5 (D.N.J. Feb. 27, 2017) ("To state a cause of action under Section 502(c)(1)(B), a plaintiff must plead: (1) that he is a plan participant or beneficiary; (2) that he has made a written request to a plan administrator for information that falls within the purview of ERISA's disclosure requirements; and (3) that the plan administrator failed to provide the requested documents within thirty days of the written request." (quotation marks and citation omitted)).  The written request must specifically name the precise documents sought by the plaintiff.  *Kollman*, 187 F.3d at 145 (concluding that the "clear notice test" applies, which requires that the plan participant gives clear notice to plan administrator of the documents requested).  Courts "look to whether 'either the request or the response indicated that [defendant] knew or should have known that [plaintiff] had requested a copy of any document relating to the . . . [p]lan."  *Id.* (quoting *Fisher v. Metro. Life Ins. Co.*, 805 F.2d 1073, 1077 (5th Cir. 1990)).

Clark's allegations are threadbare and fail to allege the facts necessary to state a plausible claim under this provision. She does not clearly allege whether she was a plan participant or beneficiary during the time in question, that she made a written request, exactly what documents she requested, and exactly to whom the request was directed. In her Factual Background, Clark claims that she "repeatedly requested written clarification of" plan terms and polices that supported the "Defendants' statements" about benefit termination and enrollment during her medical or ADA leave. (Compl. at 3 ¶ 16.) She continues that "Defendants failed to provide complete and accurate plan documents." (*Id*. at ¶ 17.) The statements in paragraphs 16 and 17 thus fail to indicate that she was a beneficiary at the time she made a request, that she submitted a *written* request for particular documents falling within the ERISA disclosure requirements (as opposed to a request for "clarification of" plan terms), submitted the request to the plan administrator, and that the administrator failed to provide what was requested within thirty days of the request. *Piscopo*, 2015 WL 3938925, at *6 (dismissing plaintiff's § 502(c)(1)(B) claim where plaintiff vaguely alleged that he "requested information on the plan"). Notably, in her claim based on the failure to disclose plan documents, Count I, Clark asserts that she made written requests "for SPDs, amendments, disability policies, enrollment rules, continuation-of-coverage provisions, and documents governing benefit access during leave," and that Defendants failed to "timely furnish complete and accurate documents" within the thirty-day period. (*Id.* at 4.) But this statement is merely a conclusory and "formulaic recitation of the elements" of a Section 502(c)(1)(B) claim, *see Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008), that fails to provide any facts beyond her earlier statement that she had requested "written clarification of" plan terms and policies from Defendants. (Compare *id.* at 3 with *id*. at 4.) In other words, she does not plausibly allege facts to indicate she was a covered beneficiary, that

she requested *documents* in writing that are required for disclosure under 29 U.S.C. § 1024(b)(4) from the *plan administrator*, *when* she did so, *when* that party responded, and *what* documents were provided in response. *See* § 502(c)(1)(B)(2) and (3); *Krauter v. Siemens Corp.*, 725 F. App'x 102, 111 (3d Cir. 2018) (acknowledging the plaintiff's duty to plead a violation of an ERISA statutory duty with specificity).

In light of these shortcomings, Clark fails to state a plausible claim that the disclosure provisions of ERISA were violated. Accordingly, Clark's claims that plan documents were not furnished within thirty days (Count I) and that Defendants are subject to statutory penalties for the failure to timely disclose requested documents (Count II) will be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Claims Related to Portal Access and Other Alleged Benefits (Counts III, IV)

Clark asserts, broadly, that Defendants were fiduciaries and violated their duty to her by "restricting [her] portal access, providing inconsistent and misleading benefit information, failing to maintain accurate administrative records, and failing to act to protect Plaintiff's benefit interests." (Compl. at 4.) Relatedly, she contends that the Defendants' alleged restriction on her portal access during FMLA and ADA leave violated ERISA Section 510, which prohibits employers from discharging, suspending, fining, expelling, disciplining, or discriminating against a beneficiary for exercising "any right to which he is entitled under the provisions of an employee benefit plan," the ERISA law, or the Welfare and Pension Plans Disclosure Act. 29 U.S.C. § 1140; (Compl. at 4–5.) Although Clark has titled her claims as a "breach of fiduciary duty" and a violation of an ERISA statute, at bottom, they are focused on the application of pertinent provisions contained in the *benefits plan* regarding portal access, benefit availability

during leave, and record-keeping.[4]  In other words, the "resolution of the claims rests upon an interpretation and application of an ERISA-regulated plan rather than on an interpretation and application of ERISA itself."  *Harrow*, 279 F.3d at 253-54 (concluding that plaintiffs' claim alleging that defendants breached a fiduciary duty by failing to furnish benefits plans that covered Viagra prescriptions essentially recast a benefits claim in statutory terms in order to bypass exhaustion requirement); *see also Mallon v. Trover Solutions, Inc.*, 613 F. App'x 142, 144 (3d Cir. 2015) (affirming district court's dismissal for failure to exhaust where plaintiff termed the claim a "breach of fiduciary duty" under ERISA but her claims rested on allegations that defendants improperly sought reimbursements of medical benefits paid under the terms of the plan); *D'Amico v. CBS Corp.*, 297 F.3d 287, 292 (3d Cir. 2002) (determining that claims alleged as breach of fiduciary duty turned on the application of plan provisions, requiring exhaustion, and granting summary judgment where plaintiffs had not exhausted).  Insofar as Clark has alleged claims that she was entitled to portal access, benefits during leave, and record maintenance but was denied those benefits, the claims involve the interpretation of the plan itself and Clark must exhaust administrative remedies first before seeking relief here.

To the extent that Clark obliquely asserts that "Defendants" provided "inconsistent and misleading benefit information," or that they failed to act in her best interests, the allegations will be dismissed for failure to state a claim.  The elements for alleging a claim for a breach of fiduciary duty imposed under 29 U.S.C. § 1104(a)(1) are: "(1) a plan fiduciary (2) breaches an ERISA-imposed duty (3) causing a loss to the plan." *Sweda v. Univ. of Pa.*, 923 F.3d 320, 328 (3d Cir. 2019) (quoting *Leckey v. Stefano*, 501 F.3d 212, 225–26 (3d Cir. 2007), as amended (Dec. 21, 2007)), *abrogated on other grounds*, *Mator v. Wesco Distrib., Inc.*, 104 F.4th 172 (3d

---

[4] As noted above, the Complaint does not plausibly plead that Clark was a beneficiary of the benefits plan during the time she alleges a breach.

Cir. 2024).  "[A]pplying the pleading standard discussed in [*Iqbal* and *Twombly*], to ERISA fiduciary breach claims will necessarily be context specific . . . ."  *Mator*, 102 F.4th at 184 (quotation marks and citations omitted).  As noted above, Clark has not alleged any facts concerning the provisions of her alleged ERISA-covered plan and the duty owed to her during the time in question.  More to the point here, she does not allege facts concerning who the plan fiduciary was, what their duty was to her, what constituted the breach—beyond her conclusory statements—and, most importantly, any loss to the plan caused by the alleged breach.  *See Mator*, 102 F.4th at 184.  Rather, she has simply made wholly conclusory and vague allegations of liability, which will not do to state a claim.  *See Twombly*, 550 U.S. at 555. For these reasons, Clark has not pleaded a plausible claim in Counts III and IV, and the Court will dismiss them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Claim Alleging Failure to Provide Full and Fair Review (Count V)

Clark alleges that Defendants violated ERISA § 503, 29 U.S.C. § 1133, because they did not provide her with notice or an adequate review process "regarding benefit denial, enrollment loss, and alleged termination during leave." (Compl. at 5.)  Section 503 "requires an employee benefit plan to 'afford a reasonable opportunity to any participant whose *claim for benefits has been denied* for a full and fair review by the appropriate named fiduciary *of the decision denying the claim*.'" *Piscopo*, 2015 WL 3938925, at *5 (citing 29 U.S.C. § 1133(2) (emphasis added)). It is unclear exactly what Clark is alleging here, as she does not affirmatively allege that she submitted a claim for benefits that Defendants denied.  In any event, courts have held that Section 503 does not confer a private right of action.  *Id*. (citing *Miller v. Am. Airlines, Inc.,* 632 F.3d 837, 851 (3d Cir.2011); *Ashenbaugh v. Crucible Inc.,* 854 F.2d 1516, 1532 (3d Cir.1988) (noting "the general principle that an employer's or plan's failure to comply with ERISA's

procedural requirements does not entitle a claimant to a substantive remedy")).  The Court will dismiss Count V with prejudice for failure to state a claim.

### D.  Clark Must Show Cause as to Why She Should Not be Enjoined

Clark has now filed a total of eleven civil actions in this Court since October 2024, which has been detailed in several of the Court's Memoranda.  *See, e.g.*, *Clark v. PNC Bank*, No. 25cv0885, 2025 WL 1698702, at *1 n.2 (E.D. Pa. June 17, 2025); *Clark v. Azzarelli*, No. 25cv7122, 2026 WL 1045066, at *9 n.8 (E.D. Pa. Apr. 17, 2026).  Clark has moved to proceed *in forma pauperis* in all eleven cases, and each time the Court has obliged her request and granted the motion.  But in the summer of 2025, given the volume of cases Clark filed within four months and that none alleged a viable legal basis for the wide variety of claims Clark sought to bring, the Court strongly cautioned her in its June 17, 2025 Memorandum in *Clark v. PNC Bank* that "the continued abuse of the judicial process and of *in forma pauperis* status may result in the denial of an application to proceed *in forma pauperis* in the future.  *See Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (affirming district court's denial of *in forma pauperis* motion where litigant 'repeatedly and unsuccessfully filed lawsuits' claiming civil rights violations, which 'required the expenditure of significant judicial resources')."  *See Clark*, 2025 WL 1698702, at *1 n.2.  Clark's prior seven cases filed within four months—which alleged no legally meritorious issue amongst the multitude of claims raised—posed a significant burden on the Court's resources, and as noted, Clark was duly warned against abusing the judicial process and the consequences for doing so.

But the Court's warning failed to deter Clark.  As in her previous seven cases, Clark filed four new matters in December 2025 and January 2026 and requested leave to proceed *in forma*

11

*pauperis* in each of them.[5]  As of the date of this Memorandum, she has yet to state a claim in any case filed, and three of the four recent cases have been dismissed with prejudice.  *See Clark v. Azzarelli*, No. 25cv7122; *Clark v. Pa. Dep't of Hum. Servs.*, No. 26cv102; *Clark v. Phila. Parking Authority*, No. 26cv104.  Clark's demonstrated history of filing multiple non-meritorious cases at the same time involving varying subject matter, claims, and defendants, and the fact that she continued her conduct of initiating new simultaneous lawsuits alleging a variety of claims against an assortment of parties, necessitates that the Court address the pattern of abusing the *in forma pauperis* privilege to avoid the waste of judicial resources.  *See Butler v. Dep't of Justice*, 492 F.3d 440, 445 (D.C. Cir. 2007) (explaining that a litigant's right of access to courts "must be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings." (citations and internal quotation marks omitted)).

"When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, . . . [the court] is entitled to resort to its power of injunction and contempt to protect its process."  *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990).  Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation."  *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).  The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts."  *Brow*, 994 F.2d at 1038.  The United States Court of Appeals for the Third Circuit has

---

[5] While a particular litigant may have previously been granted leave to proceed *in forma pauperis* in prior actions, the statute does not authorize the Court to permit a new action to be commenced based on "prior grants of pauper status." *Piskanin v. Ct. of Common Pleas of Lehigh Cnty. & all of its Judges*, 359 F. App'x 276, 278 (3d Cir. 2009).  Rather, "[e]ach new lawsuit filed requires an up-to-date affidavit of poverty[.]" *Id.*

held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* (citing *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989)). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Id.* (citing *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987)). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the District Court." *Id.* (citing *Chipps v. U.S. Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989)). Issuing a prefiling injunction to curtail meritless litigation has been deemed to be an appropriate use of the Court's authority. *See Kent v. Philadelphia Dep't of Hum. Servs.*, 813 F. App'x 736, 738 (3d Cir. 2020) ("The District Court reasonably concluded that these repeated, meritless lawsuits predicated on the same allegations warranted restrictions on Kent's litigating opportunities."); *Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822, 824 (3d Cir. 2019) (holding that a *pro se* litigant's "series of meritless lawsuits show[ed] an abuse of the court system and an unwillingness to accept adverse judgments that, because it [was] likely to continue, warrant[ed] restrictions on [litigant's] litigating opportunities"); *Tilbury v. Aames Home Loan*, 199 F. App'x 122, 127 (3d Cir. 2006) (holding that injunction prohibiting litigants from filing repetitive cases related to their mortgage and against numerous defendants was narrowly tailored where injunction prohibited filing of newly filed pro se cases and requiring representation by a licensed attorney).

Accordingly, an Order will be entered that directs Clark to show cause why her ability to file future lawsuits *pro se* in this Court without paying the filing fee should not be enjoined

13

unless she includes with her complaint and *in forma pauperis* application (1) a certification indicating that the claims she seeks to present have arguable merit, (2) that is signed by a licensed attorney, and (3) includes that attorney's bar number and contact information.  In other words, the anticipated injunction would require Clark to provide a certification signed by a licensed attorney attesting that her claims have legal merit and are supported by factual allegations.  The injunction will further provide that the Clerk of Court is authorized to return to Clark without docketing them any new case submissions that fail to include such a certification.

The above discussed Show Cause Order provides Clark with the notice required by *Brow*, 994 F.2d at 1038.  And he proposed injunction will be narrowly tailored to fit the particular circumstances presented since, if Clark submits the certification, she will be able to continue to ask to proceed *in forma pauperis* to seek judicial redress for claims with arguable merit. *See*, *e.g.*, *Gokool v. Oklahoma City Univ.*, 770 F. App'x 894, 898 (10th Cir. 2019) (affirming injunction requiring litigant to obtain certification of an attorney before filing additional motions); *Carmona v. Adona Med. Health Care Provider*, No. 23cv03, 2023 WL 3081305, at *3 (W.D.N.C. Apr. 25, 2023) (enjoining plaintiff "from filing future pro se actions against [certain defendants] with respect to the conditions of confinement at the UCJ, unless the complaint is certified by an attorney licensed in North Carolina to be non-frivolous"); *Halsell v. T-Mobile Customer Rels.*, No. 23cv202, 2023 WL 3051223, at *3 (S.D. Ohio Apr. 24, 2023), *report and recommendation adopted*, 2023 WL 3437267 (S.D. Ohio May 12, 2023) ("[C]ourts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose.").  Clark also remains able to file cases without the certification if she pays the filing fee, and, if ordered, a pre-filing injunction will not affect Clark's ability to submit an

14

amended complaint in this case, within the parameters outlined by the Court in this Memorandum and the Order.

## IV.    CONCLUSION

For these reasons, Counts V and VI will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii).  The remaining claims in the Complaint will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).  Clark will be granted leave to amend her Complaint if she is able to allege additional facts supporting her claims for violations of ERISA.  Clark will be directed to show cause why she should not be enjoined from filing certain cases in the future.  An appropriate order follows providing additional information on amendment and directing Clark to show cause why she should not be enjoined.